**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| ROLINZO FLOWERS, | 1:09-cv-00051 LJO GSA |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL |
| v. | ORDER GRANTING MOTION FOR SANCTIONS |
| COUNTY OF FRESNO, FRESNO COUNTY SHERIFF MARGARET MIMS, FRESNO COUNTY SHERIFF DEPUTY RYAN HUSHAW, DEPUTY DANIEL BUIE, DEPUTY RANDALL SWINEY, SHERIFF SERGEANT KEVIN SMITH, SHERIFF SARGENT ARLEY TERRANCE, SHERIFF SARGENT KATHY CARREIRO, SHERIFF SARGENT JOHN GOLDEN, SHERIFF DETECTIVE ROBERT BUENTOSTRO, and DOES 1 through 5, inclusive, | (Documents 13, 14, and 16) |
| Defendants. | |

**I. INTRODUCTION**

On October 14, 2009, Defendants County of Fresno, Ryan Hushaw, Daniel Buie, Randall Swiney, and Kevin Smith (hereinafter "Defendants") filed an Amended Motion to Compel based on Plaintiff, Rolinzo Flowers' ("Plaintiff") lack of compliance with discovery including his failure to respond to Interrogatories, and Requests for Production of Documents.[1]  Plaintiff did not file an opposition to the motion. On November 5, 2009, Defendants filed notice that they had not

---

[1] Defendant also filed two other Motions to Compel on October 13, 2009 which the Court has disregarded based on the filing of this amended motion. (Docs. 13 and 14).

1

received an opposition to the motion or additional responses to discovery.

A hearing was held before the Honorable Gary S. Austin on November 13, 2009. James Arendt appeared on behalf of the Defendants. Marshall Moushigian, standing in for Mark King represented the Plaintiff. Upon a review of the pleadings, as well as the arguments presented at the hearing, Defendants' Motion to Compel is GRANTED. Defendants' Motion for Sanctions is GRANTED.

## II.  RELEVANT PROCEDURAL HISTORY

Plaintiff, a former Deputy Sheriff with the Sacramento Sheriff's Department, filed this action on January 8, 2009, based on his contact with three Fresno County Sheriff Deputies outside of his residence at approximately 11:00 pm on January 9, 2007. The deputies allegedly were responding to a call of a suspicious person when they observed Plaintiff sitting in his car near the area where the suspicious person had been seen. During the investigation, the deputies discovered Plaintiff had a loaded concealed firearm in his car. Plaintiff was arrested and charged with a violation of carrying a concealed, loaded weapon.

Plaintiff alleges that he was subjected to excessive force during the arrest resulting in injuries and that he was denied equal protection of the law. He also alleges that the County of Fresno established policies, practices, and customs of subjecting persons to search and seizure without probable cause based on their race. Plaintiff alleges violations of the Fourth and Fourteenth Amendment, and a violation of policy and custom pursuant to 42 U.S.C. § 1983 as causes of action. Plaintiff seeks compensatory and punitive damages, attorney's fees, costs, and other relief the Court deems proper.

On April 16, 2009, the Court granted a motion to dismiss all of the defendants except for the County of Fresno, Duties Hushaw, Buie, and Swiney, and Sargent Smith. These Defendants bring the instant motion.

## III.  THE DISCOVERY DISPUTE

*A.  Written Discovery Requests*

On July 27, 2009, Defendants propounded numerous discovery requests to Plaintiff. These requests included: Interrogatories (Set. No. One) propounded by each Defendant and a

Request for Production of Documents (Set No. One) propounded by Defendant County of Fresno. Declaration of James Arendt ("Arendt Decl."), dated October 13, 2009 at ¶ 3 and attached Exhibits 1-2. Doc. 16-3.  The responses to the discovery were due on August 31, 2009. Arendt Decl. at ¶ 2.

On September 22, 2009, after Plaintiff's time to respond to the discovery expired, Defendant's counsel wrote a letter to Mr. King, Plaintiff's counsel, noting that the discovery responses had not been received.  Arendt Decl. at ¶ 4 and attached Exhibit 3. The letter requested that responses be provided by September 28, 2009. *Id*.  Mr. Arendt did not receive a response to this letter. Arendt Decl. at ¶ 4.

On September 30, 2009, Defendant's counsel sent Mr. King another letter, requesting a response to the outstanding discovery responses no later than October 5, 2009.  Arendt Decl. at ¶ 5. Mr. Arendt did not receive any response to this letter.  *Id*.

On October 9, 2009, Defendant's counsel sent another letter to Mr. King stating that a motion to compel would be filed and an award of monetary sanctions would be requested.  Arendt Decl. at ¶ 6 and attached Ex. 5. Mr. Arendt did not receive any response to this letter. *Id*. As of November 5, 2009, Defendant has not received any response from Plaintiff's counsel.

    *B.*  *Remedies requested:*

Defendants request the following remedies:

1.  An order compelling Plaintiff to respond to all of Defendants' Requests for Production of Documents and Requests for Interrogatories; and

2.  Monetary sanctions requiring that Plaintiffs pay reasonable expenses incurred in bringing the Motion to Compel in the amount of $525.00.

## IV. ANALYSIS & DISCUSSION

### Scope Of Discovery

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need

3

not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Plaintiff was served various forms of written discovery which are authorized by the Federal Code of Civil Procedure. Defendants did not receive any responses to any of the written discovery requests.

## Discovery Sanctions

Fed. R. Civ. P. 33(b)(1)(B) requires that unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty days after being served. Additionally, Fed. R. Civ. P. 33(b)(3) and (5) requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Any untimely objection to the interrogatory is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). Finally, Fed. R. Civ. P. 34(b)(2)(B) requires parties answering requests for production of documents "either state that inspection and related activities will be permitted as requested or state an objection to the request including the reasons" in each response.

If a *party* fails to respond to discovery, sanctions may be imposed even in the absence of a prior court order. Fed.R.Civ. P. 37(d). The court on motion may order sanctions "[i]f a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2).

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

4

> 1. Designating facts as established;
> 2. Refusing to allow the disobedient party to support or oppose designated claims or defenses;
> 3. Prohibiting the disobedient party from introducing designated matters in evidence;
> 4. Striking pleadings or parts thereof;
> 5. Staying further proceedings until an order is obeyed;
> 6. Dismissing an action, proceeding or any part thereof; or
> 7. Rendering a default judgment against the disobedient party; or
> 8. Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A))

Moreover, in lieu of any such order, or in addition thereto, the Court "must require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). An award of expenses does not require a showing of wilfulness or improper intent; rather the standard is whether there was a substantial justification for the losing party's conduct. Id. Even without a prior discovery order, discovery misconduct may be punished under the Court's "inherent powers" to manage its affairs. *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

Here, Plaintiff did not provide responses to the Interrogatories and the Requests for Production of Documents. No opposition to this motion was filed. At the hearing, Mr. Moushigian represented that Mr. King was not able to attend the hearing because he was in a dependency trial and he requested a continuance based on Mr. King's inability to attend the hearing. This request was denied as there was no showing of good cause.

Mr. Moushigian also argued that there were deficiencies in the proof of service with regard to the Interrogatories that were served. Specifically, the proof of service indicates that "Form Interrogatories" rather than "Interrogatories" were served, however, Mr. Moushigian did acknowledge that the documents were served at Mr. King's correct office address. Mr. Moushigian argued that this deficiency with the proof of service invalidates the request, however, he provided no legal authority for this assertion.

Defendants argued that Plaintiff's proof of service argument was disingenuous because if

1  the issue had been raised previously, it could have been resolved.  Moreover, this explanation did
2  not address Plaintiff's failure to respond to the Requests for Production of Documents.  Finally,
3  Plaintiff never responded to this motion and pursuant to the Local Rules he is precluded from
4  raising this argument at this late juncture in the proceeding.

5        The Court has considered the explanations offered by Plaintiff and is not persuaded by
6  Plaintiff's arguments that the deficiencies related to the proof of service invalidates the request.
7  First, Plaintiff offered no legal authority in support of his position.  Furthermore, the discovery
8  requests were served in July 2009 on Mr. King, yet he never raised this issue during Defendant's
9  repeated attempts to resolve the discovery dispute.  Finally, Plaintiff offered no explanation for
10 the failure to respond to the Request for Production of Documents, or his failure to respond to this
11 properly noticed and served motion. Therefore, the Court finds that Plaintiff has not fulfilled his
12 discovery obligation, nor has he demonstrated substantial justification for the failure to respond to
13 discovery within the time permitted.

14       Defendants' counsel indicated that he spent three hours preparing this motion at a billing
15 rate of $175.00 per hour and has requested attorney's fees in the amount of $525.00.  Arendt Decl.
16 at ¶ 7.  This amount is reasonable.  Accordingly, the Court grants Defendant's Motion to Compel
17 including the request for attorney's fees.

18 **V.    CONCLUSION**

19       Based on the above, Defendants' Amended Motion to Compel filed on October 14, 2009
20 is GRANTED  as follows:

21     1.    Plaintiff is ordered to serve responses to (1) Defendant's Interrogatories Set One
22       propounded by each Defendant, and (2) Defendant County of Fresno's Request for
23       Production of Documents, Set One, in compliance with the requirements of Fed. R. Civ. P.
24       33 and 34, no later than ten (10) days after service of this order.  Objections to Defendants'
25       Interrogatories and Requests for Production of Documents are deemed waived;
26     2.    Defendants' Motion for Sanctions in the amount of $525.00 is GRANTED.
27       Plaintiff is ORDERED to pay Defendants a total of $ 525.00 within 30 DAYS of the date
28       of this Order; and

3.     Plaintiff is advised that failure to comply with this order may result in the imposition of sanctions, including, but not limited to, contempt, the exclusion of evidence at trial, and/or dismissal of this case.

IT IS SO ORDERED.

Dated:    **November 16, 2009**                              /s/ **Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE