**UNITED STATES DISTRICT COURT**

| | | |
|---|---|---|
| ROLINZO FLOWERS, | ) | 1:09-cv-00051 LJO GSA |
| | ) | |
| Plaintiff, | ) | ORDER DENYING AMENDED MOTION |
| | ) | TO COMPEL WITHOUT PREJUDICE |
| v. | ) | |
| | ) | |
| COUNTY OF FRESNO, FRESNO COUNTY SHERIFF MARGARET MIMS, FRESNO COUNTY SHERIFF DEPUTY RYAN HUSHAW, DEPUTY DANIEL BUIE, DEPUTY RANDALL SWINEY, SHERIFF SERGEANT KEVIN SMITH, SHERIFF SARGENT ARLEY TERRANCE, SHERIFF SARGENT KATHY CARREIRO, SHERIFF SARGENT JOHN GOLDEN, SHERIFF DETECTIVE ROBERT BUENTOSTRO, and DOES 1 through 5, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | (Document 20) |
| Defendants. | ) | |

On January 20, 2009, Defendants filed an Amended Motion to Compel that was scheduled for a hearing on February 19, 2010. On February 16, 2010, this Court issued a minute order indicating that the hearing date had been vacated because the parties had not filed a joint statement re: discovery disagreements pursuant to Local Rule 251(a) and (c). On February 17, 2010, Defendants filed a declaration stating that a joint statement re: discovery disputes was not necessary because Defendants were seeking an order compelling the production of Plaintiff's personnel records from the Sacramento County Sheriff's Department and the City of Kingsburg Police Department. Neither of these law enforcement agencies are parties to this action.

1

1    In the Amended Motion to Compel, Defendants argues that these records are relevant
2 because Plaintiff, a former law enforcement officer, brought this civil rights action after he was
3 allegedly unlawfully arrested by Defendants in violation of 42 U.S.C. § 1983.  The complaint
4 alleges Plaintiff suffered a loss of future income because of the pending criminal action against
5 him.  In addition, Defendants argues that the records are relevant for determining Plaintiff's
6 credibility.
7    The Court issued the minute order because it construed Defendant's Amended Motion as a
8 request that Plaintiff give consent for the release of his personnel records.  The Court construed
9 the motion in this manner because Defendant did not provide any legal authority explaining why
10 this Court would have jurisdiction to issue an order compelling a nonparty to produce documents.[1]
11 Under Federal law, a nonparty may be compelled to produce documents pursuant to the
12 procedures outlined in Federal Rule of Civil Procedure 45.  *See*, Federal Rule of Civil Procedure
13 34(c).  Accordingly, Defendant's Amended Motion to Compel is DENIED WITHOUT
14 PREJUDICE.  Defendants may submit a new motion, however, any motion shall explain why
15 Defendants should not be required to follow the provisions under Rule 45 to obtain the requested
16 files.  This motion shall also provide legal authority for the proposition that this Court may issue
17 an order compelling a *nonparty* to this  action to produce records when the procedures in Rule 45
18 are not implemented.

20    IT IS SO ORDERED.
21    Dated:   **February 19, 2010**               **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court recognizes that California Evidence Code § 1043 and California Penal Code § 832.5  requires that certain procedures be followed for the release of peace officer personnel records.   However, Defendants' motion did not mention these provisions, nor does the motion address the jurisdictional issue outlined above.